Good morning, Your Honor. Robert Rexford for Mr. Washington. In my opening brief, I raised the two issues that this Court granted a Certificate of Appealability on, whether Mr. Washington was denied effective assistance of counsel by his counsel's failure to request a competency exam or investigate a potential mental defense. I also asked in the alternative in my brief that the Court remand for an evidentiary hearing. I'm going to ---- There's no basis. How can we do that? We just can't send it back for an evidentiary hearing. An evidentiary hearing in Federal court? Yes, sir. How do we ---- It's pretty clear. I saw that you asked for it, and I sort of said, gee, I wish the law were still that way, but it's not, so tell me how we can. We have to look at the State court record. I agree, Your Honor. There's obviously a provision in the rules, the habeas corpus rules, to allow for an evidentiary hearing when it's available. I know we have to look at the State court record, but if this Court determines that the facts weren't sufficiently developed in State court given Mr. Washington's claims, and I think this Court can't, I'm asking a lot, I understand that. Well, but help us on it. Here's the difficulty I see with your case. It's the same one you're identifying. It looks to me like there's a reasonably good argument here that counsel fell below the standard of care. Strickland won. I tend to agree with this. And the State may not agree, but we'll deal with that in a minute. But so he didn't ask for a competency hearing, but we can't tell from this record whether or not that would have made a bit of difference, and he didn't present a mental health defense, but we don't, we can't tell from this record whether or not that would have affected the outcome of this case, and so it's on Strickland 2 that you seem to be foundering, and of course we've got this deferential review of the State Court's Strickland 2 determination. So on this record, you've got problems, and I think you recognize that. So tell us how under AEDPA we can remand for an evidentiary hearing. You can certainly go back to the State Court. They'll probably say no, but you can. But how do we have an evidentiary hearing in federal court when the State record wasn't developed? Here's how. I don't disagree with you about the state of the record. I did what I could in the brief on the second prong, and that is what I see in the record. However, procedurally what happened is all the evidence of Mr. Washington's mental problems, whatever extent they are, but the actual factual basis for his argument were only presented to the California Supreme Court. When he filed his, but it's appropriately before this court. I'm not digging a deeper hole for Mr. Washington here. When he first raised the issues before the Superior Court and then the 5th DCA, I guess it was, District Court of Appeal, he's told by the Superior Court and then affirmed by the 5th Circuit that, look, you're not providing us with an evidentiary basis. So when he files his petition in the California Supreme Court, that's when he first sort of dumps these medical records as attachments to his petition. And when you look at his petition that he's filed with the California Supreme Court, there's a box where he says, look, or I'm sorry, the federal habeas, there's a box where he says, hey, why didn't you bring these, you know, I'm sorry, it's the California state, why didn't you bring these issues before on direct appeal? He said, continue an investigation. And look, is that a request for an evidentiary hearing? I don't know. Well, you're confusing a lot of things. So when he was in the state court trying to file these habeas petitions, he could have asked the state court for an evidentiary hearing, right? They do sometimes grant an evidentiary hearing, or they do allow augmentation of the record. They do. They do provide funds for augmenting the record in state court. I can't speak to the funds quite. Well, they do. I mean, we see petitions where sometimes they allow dollars, you know, they provide funding for mental health reports and whatnot. They do. I certainly don't doubt you. Right. So there was no psychiatric report was done during the state court proceedings. That is correct. Right? So then you get the denial, straight-out denial from the Cal Supreme Court, comes over to Federal court under 2254 under AADPA, under the Anti-Terrorist Effective Death Penalty Act. And, you know, if you go to the Federal habeas corpus rules, I mean, there's references to that the Federal court can order an evidentiary hearing. And that may have been the case initially after when AADP, when the statute was first enacted. But later, we know under Pinholster, we're stuck with the state court record, and we can't go around. There's very limited circumstances right now in the case law where you can get an evidentiary hearing. You weren't barred from developing a state court record, were you? I mean, you failed to develop one for understandable reasons. And if somehow the state court had said, no, we won't let you have an evidentiary hearing, we won't let you put evidence in, we might well be able to have a Federal one. But that's not the case here. It's just a failure to present it, isn't it? No. And here's why. First of all, it's asking a lot of a mentally ill person locked up. And I know we ask a lot of mentally ill people locked up. But it doesn't change the fact that that's asking a lot of a person. And then to directly answer your question as best as I can, sir, he provides – remember, if you go back to the state court opinion that controls here, the actual analysis, it's the superior court. And the superior court goes through these questions. Like, you haven't given us anything, what kind of illness, what diagnosis, all these things. Is that the one that controls or is it our imagining of what the supreme court – or is it? I actually – Because at the time that he files the superior court when he doesn't have the evidence or he doesn't present it. He doesn't have the record. He doesn't have the record. He doesn't have any record. He gives the record to the supreme court and we get a postcard denial. Yes. And our cases tell us we're supposed to be – we're supposed to put – we're supposed to imagine the best supreme court decision they could possibly write on the evidence in front of them. I actually – And so they say, well, look, this is a lot of evidence of mental difficulties. But we still haven't seen any evidence of – you still haven't shown you were incompetent. More likely than not, you were incompetent. Or more likely than not, a mental health professional would have gotten you an acquittal. They don't say that, but I'm imagining they're saying that. So you – aren't we still stuck with the State court record under Penn-Holster? No. And here's why. I'd seldom say this, but I agree with the State of California. And footnote one of their brief, their position is that because the California supreme court issued a postcard denial, that this court presumes that they adopted the reasoning of the superior court. But there was no evidence in front of them. They couldn't have adopted the reasoning of the superior court with respect to the evidence presented to them for the first time. Well, I know the State says that. Yes. You both may be wrong. Okay. I'm agreeing. But I'm just asking as a matter of fact, the superior court didn't consider the evidence in front of the supreme court, right? Well, no, it didn't. But it was before the supreme court. And the supreme court very well could have considered and said you still haven't showed, you know, instead of you've given us no information. Right. And the superior court, as I said, has the right to give you the information evidence. It could be a perfectly reasonable way of looking at that. And all I'm saying is when he's filing out these forms in jail and he's like, look, I'm continuing to investigate, I mean, look, could he have explicitly asked for one? Of course he could have. Is there? Was he represented in the superior court? He was not. On habeas. In habeas. He was not. He is represented at trial. And that's another thing that really bothers me. He's represented at trial and he goes down on what? He gets 32 to life plus 28. And that all happens within a span of 14 weeks. He's arrested. He goes to trial. He was acquitted of the two of the most serious charges. I think it's the felony assault and the and burglary. Yes. With a firearm. I mean, do we not consider that when we look to see whether or not he was actually not represented? Well, because even if it was error for counsel, you know, not to raise the petitioner's mental health doesn't just that's a pretty successful I know because of three start strikes law. It said this was harsh, but it's a pretty successful outcome considering. But it's it's you know, it's Oscar Wilde's old line about when he came to America. You know, the trip was a technological success, but it was a cultural failure. And what I'm saying is his attorney. If I could answer the court's court, his attorney knew about the three strikes. And when you're approaching a case, I happen to be a trial attorney in federal court. When you're approaching a case, there are some cases where you're like, I'm going to try to beat the top counts, you know, because that's the best I can do. Or that's that's the best. That's strategically what I think. But when you see anything where you go, if I go down on anything, my guy's going for life. You have to come up with a strategy that runs the table. Well, I guess you have very limited time left. But in light of what's been discussed here about what the nature of the law is, I just what's your best argument in terms of what's the evidence that shows a reasonable probability that the petitioner here would have been actually found incompetent? Well, I will go back to the acquittals. Those are specific intent crimes. And obviously, the extent of Mr. Washington's mental state would have gone to the other crimes as well. You obviously had a jury. I guess my best argument is you had a jury that was at least willing to think about what was going on in Mr. Washington's mind because they did come back with a split verdict. But you've got to figure out a way as a trial counsel to run the table in this case. That would be your job. That would be your minimum job. But that assumes the thing that I'm assuming for you, that trial counsel goofed, that trial counsel's performance fell below Strickland 1. And we've still got to get to that second reasonable probability of difference. And I think that's what Judge McGeough was asking here. That's the best answer I got for you, Judge. I'm sorry. Let's just go back to the hearing in federal court. So what's your best argument to get a hearing in federal court in light of pinholster? Because of the postcard denial and because that information was in front of the California Supreme Court, the California Supreme Court should have, and because in the petition before the Supreme Court, he says, I'm continuing investigation. That's why I'm sort of piecemealing. They should have granted an evidentiary hearing? Yes. But did not? Yes. Tell me, because I'm a foreigner in your land, does the California Supreme Court ever have evidentiary hearings? On habeas petitions? I do not know the answer. Original ones? I'm a stranger in State court as well. I'm a Federal practitioner from Southern California. I don't know. They do occasionally court evidentiary hearings. Look. Occasionally. I'm asking for a remand. You know, if the State wants, you know, if we have an evidentiary in federal court and the State wants to start raising exhaustion problems or wants to raise case law, then we can hash it out there and maybe Mr. Washington should go back into State court. All I'm saying is he's a mentally ill man who was convicted within 10 weeks on a life charge and he's never had an attorney until me and it's, he should, you know. In his post-conviction proceedings? In his post-conviction proceedings. An effective attorney, I should say. Okay. Thank you. I feel your pain. Thank you. We'll hear from the State. May it please the Court? May it please the Court now? Charity Whitney on behalf of Respondent. The State court reasonably determined in this case that Washington failed to show either prong of his two ineffective assistance of counsel claims. Are you talking about the Superior Court? Yes. The Superior Court was the one that reasoned the decision, but the California Supreme Court was the one that considered the evidence in this case, as your Honors had previously mentioned. Were we supposed to put both decisions together? The strange procedural posture of this case has previously been considered by the Ninth Circuit and Kennedy v. Adams, which was the case we believe was controlling as far as the exact standard of review here. And Kennedy provides that the, that this court should review the reasonableness of the evidence that was before it in accordance with the Superior Court's reasoning. And that is a little convoluted, but the point is that the California Supreme Court is assumed to have adopted the Superior Court's. But here's my problem with that. The Superior Court says, you haven't given us anything. You haven't given us any evidence. All you've done is claim, make a claim. That's pretty good reasoning. The Supreme Court has before it some evidence. It can't be adopting the Superior Court's reasoning that you haven't given us anything. So don't we really have to review the Supreme Court's decision, not the Superior Court's? If your Honors would like to reconsider the holding in Kennedy, we would happily allow you to do so. I'm not sure Kennedy deals with this circumstance because what happens here is for the first time the evidence is presented to the Supreme Court. It's one thing for the Superior Court to deny in a reasoned decision and the Supreme Court to deny in a postcard denial with nothing new. Kennedy, clear then, I go back and look at the Superior Court decision. Here you've got new stuff in front of the Supreme Court. You guys have this wacky system where people bring original habeas petitions in the appellate courts. So there's new stuff in front of the Supreme Court. Don't I have to assume that the Supreme Court looked at the new stuff and said, that's not sufficient, as opposed to adopting the reasoning of the Superior Court that nothing is not sufficient? In the event that Kennedy doesn't control here. Well, but Kennedy is different, isn't it? Kennedy was not an exact parallel to what happened here. Kennedy doesn't control because it doesn't involve new evidence in front of the Supreme Court. So tell me what I do when there is new evidence in front of the Supreme Court. In that event, we would look at the holdings of Cullen v. Penholster and Harrington v. Richter, which would require this Court to look at a silent denial on the merits and consider whether there was any reasonable basis for the California Supreme Court's decision. Okay. So now let's get to that. The California Supreme Court couldn't have held that there was no evidence in front of it, because there was. So what was the reasonable basis for their decision? There are multiple reasonable bases for the decision. Even though they stated none. Yes. Even though it was a silent denial on the merits, the Court could have found that counsel or that Petitioner did not show either deficient performance or prejudice as to either prong. Petitioner's. On this record. On this record? On the record submitted to the California Supreme Court. And let's deal with deficient performance. Why? Do you agree that when presented with the quantum of evidence that there was here, reasonable counsel should have at least considered asking for a competency hearing? You know, Your Honor, under Strickland, that's not clear. There's not a clear duty necessarily to do so. Really? Because it seems like the evidence available to defense counsel concerning Mr. Washington's possible incompetence to stand trial included records from the 1990s documenting two suicide attempts, auditory hallucinations, paranoia, regular long-term cocaine use and drug-induced psychosis, as well as the fact that he was housed, I think, if I'm correct, in the mental health unit at the Kern County Correctional Facility. That is true, Your Honor. So it seems like both it strongly, you know, supports an underlying mental health problem, and it also seems to be close in temporal proximity at the time of trial. That seems rather compelling. I think there's also evidence that Mr. Washington self-reported taking antipsychotic medication at the time and was referred for a psychiatric evaluation seven months before this incident involving Mr. Sumlin and Ms. Davis. So what's your response to that? My response to that, Your Honor, is that we know what defense counsel did do in a number of respects, but in many respects the record is silent. And where the record is silent, we presume that he acted reasonably under Strickland. And so we know the counsel did see the records from the 1990s, and the counsel was aware of his suicide attempts and his other troubles from 1995 to 1998. And we know that the record also reflects that he did not request a competency hearing. We know that as well. Okay, so given all that information, would it fall below the standard of care for counsel not to request a competency hearing? What would be the downside of requesting a competency hearing? Well, there's a number of reasons. Counsel may not have requested a competency hearing, but the most obvious is that he didn't believe his client was incompetent. And there's sufficient reasons for him to have thought that in this case, including the fact that we know he spoke with his client regarding specific evidentiary and defense theories for the case, and that his client had strong feelings about which witnesses to bring, and he had strong feelings about the types of things they should pursue as tactics for this case. We know that counsel was aware that his client wanted to enforce his speedy trial rights, which tends to show that he understood, comprehended, and participated in the proceedings. We know that counsel spoke with his client when he was at Kern County Mental Health Facility, and that at that time, that he had no complaints, that he was suffering no depression, no suicidal ideation, and no substance abuse. We know that he was compliant with his medication at that time. And given all of that, we can assume under Strickland that counsel acted reasonably, and that in seeing all of this evidence and his own assessment when speaking with his client, that he determined that his client was competent at the time. So he had another claim as well, a failure to investigate or prepare or even consider some sort of mental health defense at the time of trial. That's true. The same evidence that Petitioner has used to support his claim of incompetence goes to his claim of a mental illness defense. And the same reasoning we have for why counsel was not deficient in pursuing such a defense is equally applicable to the mental illness defense. But different considerations for counsel. There are a number of different considerations. And for the defendant as well. There are a number of different considerations. And a number of those crimes he was actually acquitted of on the basis of the defense presented at trial. Which was not that Petitioner somehow lacked the capacity to form intent or something along those lines. But rather the defense was that Montez Sumlin punched first and that he initiated the aggressive tactics in that case. And that defense did prevail for him on a number of those counts. So it's difficult to say that counsel was ineffective and unreasonable in bringing that defense when it was successful in part. What is your understanding of when an evidentiary hearing is available in federal court after Penholster? It's not. It's not. In very, very rare situations. What are those circumstances? Honestly, none come to mind, Your Honor.  And I've never seen one before. I've never seen one granted since I've been practicing. But in Penholster, it's very clear that we rely only on the record that was before the state court. I have Martina's claim that might warrant a evidentiary hearing. Your Honor, if I. If it hasn't been resolved yet. Such a thing I would need to supplementally bring you on. I imagine a case where somebody sought to have an evidentiary hearing in state court and was rebuffed repeatedly from doing so. Perhaps. Can you address the 800-pound gorilla in the room, if you will, which is the three strikes law? Your opponent says, and I think there's some merit to this. Look, if there weren't a three strikes law, we wouldn't be here. What happens here is you get a very long sentence from a relatively minor crime in terms of. I'm not minimizing it, but in terms of the list of felonies in the case, are the duties of counsel heightened in a case in which there's a possible three strike sentence to to go for broke, if you will, because partial victories don't work. Honestly, your Honor, the standard of reasonableness applies period. That's what prevails based on the United States Supreme Court. We've got a lot of case law kicking around the courts that suggest in capital cases, people may have a list of reasonable duties as counsel, for example, investing mitigation and things like that, that we don't really impose on criminal defense counsel generally. Should we impose a higher standard of care on counsel in three strikes cases? If your Honors want to consider such a thing, that may be appropriate in direct review. But in federal habeas, we can only consider whether or not the state court was reasonable under prevailing United States Supreme Court precedent and under prevailing law. At the time that the state court has considered this, there's simply no heightened duty based on the length of a potential three strike sentence, such as was the case here. Okay. Unless you have any further questions. Thank you, Your Honors. Okay. Thank you. Thank you, counsel. The matter is submitted.
judges: Paez, Murguia, Hurwitz